# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOEL THOMAS MORRISON IV § § § Plaintiff, § v. § DRUMMOND COMPANY, INC. § § Defendant. § | CASE NO. _____ |

## NOTICE OF REMOVAL OF DEFENDANT DRUMMOND COMPANY, INC.

Defendant Drummond Company, Inc. ("Drummond") files this Notice of Removal of the civil action filed against it by Joel Thomas Morrison IV ("Plaintiff"), to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to the provisions of 28 U.S.C. §§ 1441 *et seq.*, on the basis of the following facts, which demonstrate the existence of federal subject matter jurisdiction in this Court:

### I. INTRODUCTION

1. On February 6, 2014, Plaintiff served the registered agent for Drummond with a citation and a copy of Plaintiffs' Complaint, filed on December 19, 2013, in the Circuit Court for the Tenth Judicial Circuit in Jefferson County, Alabama, Cause No. 01-CV-2013-905019 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served on Drummond in this action to date are attached hereto as **Exhibit A**.

2. For the reasons described below, this Court has original subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1441(a) because it is a civil action originally filed in a state court that includes claims over which the courts of the United States have original jurisdiction.

{B1739467}

## II.   DRUMMOND HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days of February 6, 2014—the date of service of the Petition upon Drummond Company, Inc.

4. The United States District Court for the Northern District of Alabama, Southern Division, serves Jefferson County—the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81(a)(3) and 1441(a).

5. Walter Industries, Inc., the only other defendant who was joined and served, was dismissed from the case on March 6, 2014.

6. Pursuant to 28 U.S.C. § 1446(d), Drummond is filing written notice of this removal with the clerk of the Circuit Court for the Tenth Judicial Circuit in Jefferson County, Alabama. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d), and upon all known counsel of record in this action.

## III.   REMOVAL IS PROPER IN THIS CASE

7. Plaintiff filed suit against Drummond Company, Inc. and Walter Industries, Inc. (collectively, "Defendants"), asserting claims for negligence, wantonness, negligence per se, fraud, and conspiracy arising out of the alleged release of "a litany of toxic and harmful chemicals into the environment surrounding their coke facilities." (Ex. A, Compl. at 8.) Plaintiff was allegedly "exposed to toxicologically significant levels of toxic and hazardous chemicals, including but not limited to benzene." (*Id*. at 3.) As a result, Plaintiff was allegedly

> caused to suffer serious and dangerous injuries, including Acute Myelogenous Leukemia, as well as other severe and personal injuries, which are permanent and lasting in nature, including

> physical pain and mental anguish, diminished enjoyment of life, reasonable fear of future health problems, and any and all life complications caused by Acute Myelogenous Leukemia, as well as the need for lifelong medical treatment, monitoring and/or medications, and fear of developing any of the above and other unnamed health consequences."

(*Id*. at 14.)

8. With regard to air quality and emissions, Plaintiffs allege that "Plaintiff was exposed to unreasonably dangerous toxic emissions" and that

> a. Knowing that their toxic emissions were unreasonably dangerous, said emissions were nevertheless released into the environment by Defendants.
> b. Defendants failed to properly test the release of toxic emissions into the environment.
> c. Defendants failed to timely and adequately warn the Plaintiff and others of the dangerous health hazards associated with exposure to the toxic emissions released in the environment.
> d. Defendants specifically disregarded the safety of the Plaintiff and others by fraudulently concealing the nature of their emissions into the environment.

(*Id*. at 10, 13.)

9. Under the federal Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*, the Environmental Protection Agency establishes national standards for the control of air emissions. *See* 42 U.S.C. § 7410(k). States must abide by these national standards in developing their air regulatory programs. *See Ala. Envtl. Council v. EPA*, 711 F.3d 1277, 1280 (11th Cir. 2013). "Congress chose a balanced scheme of state-federal interaction to implement the goals of the [Clean Air] Act." *Id.* (quoting *Fla. Power & Light Co. v. Costle*, 650 F.2d 579, 581 (5th Cir. 1981)). "States have 'primary responsibility in ensuring that the ambient air meets the [federal standards] for the identified pollutants' . . . 'so long as the ultimate effect of a State's choice of emission limitations is compliance with the national standards for ambient air.'" *Id.* (quoting *Ky. Res. Council, Inc. v. EPA*, 467 F.3d 986, 988 (6th Cir. 2006); *Train v. NRDC, Inc.*, 421 U.S. 60,

79 (1975)). "The state proposes, the EPA disposes." *Va. v. EPA*, 108 F.3d 1397, 1408 (D.C. Cir. 1997). In Alabama, under the Alabama Air Pollution Control Act of 1971, ALABAMA CODE §§ 22-28-1 *et seq.*, the Alabama Department of Environmental Management develops, implements and enforces these federally delegated programs and standards.

    10. Plaintiffs' state common law negligence, wantonness, fraud and conspiracy claims, to the extent they arise from complaints about air quality and emissions arising from Defendants' coke facilities, are completely preempted by the federal Clean Air Act. *See Am. Elec. Power Co., Inc. v. Conn.*, 131 S. Ct. 2527 (2011); *N.C. ex rel. Cooper v. Tenn. Valley Auth.*, 615 F.3d 291 (4th Cir. 2010); *Comer v. Murphy Oil USA, Inc.*, 839 F. Supp. 2d 849 (S.D. Miss. 2012), *aff'd*, 718 F.3d 460 (5th Cir. 2013); *Native Vill. of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 856 (9th Cir. 2012); *But see Bell v. Cheswick Generating Station*, 734 F.3d 188 (3d Cir. 2013), *petition for cert. filed* (U.S. Feb. 20, 2014) (failing to apply federal preemption defense without reference to *AEP* or *Comer*); *Cerny v. Marathon Oil Corp.*, No. SA-13-CA-562-XR, 2013 WL 5560483 (W.D. Tex. Oct. 7, 2013) (applying district court case that pre-dates *AEP* and *Comer* to reject complete preemption argument).[1]

---

[1] In *Cooper v. International Paper Co.*, the Southern District addressed whether allegations of federal statutory violations constitute grounds for complete preemption. *See* 912 F. Supp. 2d 1307, 1309 (S.D. Ala. 2012). The court reasoned that they did not. *Id*. Drummond does not dispute that ruling but notes that it is inapposite to the current matter. Drummond is not arguing that this case centers on deciding whether the Clean Air Act has been violated. Rather Plaintiff alleges that <u>authorized</u> emissions have in whole or in part contributed to Plaintiff's injuries. In doing so, Plaintiff is challenging the reasonableness of authorized emissions from the facility in particular and the appropriateness of the Clean Air Act's permitting regime as a whole, thereby implicating complete preemption. *AEP*, 131 S. Ct. at 2530-31 ("The plaintiffs' proposal to have federal judges determine, in the first instance, what amount of carbon-dioxide emissions is 'unreasonable' and what level of reduction is necessary cannot be reconciled with Congress' scheme."); *TVA*, 615 F.3d at 303 ("Where Congress has chosen to grant states an extensive role in the Clean Air Act's regulatory regime through the SIP and permitting process, field and conflict preemption principles caution at a minimum against according states a wholly different role and allowing state nuisance law to contradict joint federal-state rules so meticulously drafted."); *Comer*, 839 F. Supp. 2d at 865 ("The state law causes of actions asserted by the plaintiffs hinge on a determination that the defendants' emissions are unreasonable, and the plaintiffs' Amended Complaint specifically alleges that the defendants' emissions are unreasonable. Therefore, the Court finds that the plaintiffs' entire lawsuit is displaced by the Clean Air Act.") (citations omitted); *Kivalina*, 696 F.3d at 857 (relying on *AEP* to hold that plaintiff's federal common law claim for injuries from past carbon dioxide emissions was completely preempted).

11. In *AEP*, the Supreme Court held that federal common law claims for public nuisance are completely preempted by the federal Clean Air Act. 131 S. Ct. at 2537-38. In *Comer*, which was affirmed by the Fifth Circuit in May 2013, a group of plaintiffs filed nuisance, trespass and negligence claims against several oil companies and other entities, alleging that they produced emissions that led to global warming, which caused the conditions that formed Hurricane Katrina, which damaged their property. 839 F. Supp. 2d at 853-54. The court relied heavily on the *AEP* decision and held that "the plaintiffs' entire lawsuit is displaced by the Clean Air Act" because "the state law causes of actions asserted by the plaintiffs hinge on a determination that the defendants' emissions are unreasonable." *Id.* at 865.

12. Complete preemption establishes federal question jurisdiction for purposes of authorizing removal under 28 U.S.C. § 1441(a). *See Blab T.V. of Mobile, Inc. v. Comcast Cablevision Corp.*, 182 F.3d 851, 854 (11th Cir. 1999) ("[c]omplete preemption occurs when 'the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim.'" (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987))).

13. As a result, Plaintiffs' state common law negligence, wantonness, fraud and conspiracy claims, to the extent they arise from complaints about air quality and emissions arising from Defendants' coke facilities, arise under the federal Clean Air Act for jurisdictional purposes and are therefore removable to this Court under 28 U.S.C. § 1441(a).

14. This Court has supplemental jurisdiction over Plaintiffs' remaining state common law negligence, wantonness, fraud and conspiracy claims that do not arise from federally preempted complaints about air quality and emissions. *See* 28 U.S.C. § 1367(a) (stating that "in any civil action of which the district courts have original jurisdiction, the district

courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

## IV. PRAYER

Drummond prays that this Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in the State court in accordance with the above law.

Respectfully submitted,

*/s/ William A. Davis, III*
William A. Davis, III
Jeannie Bugg Walston
H. Thomas Wells, III

STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000

*Attorneys for Drummond Company, Inc..*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was sent to all known counsel of record by certified mail, return receipt requested on this 7th day of March, 2014 as follows:

Gary A. Anderson, Esq.
Gregory A. Cade, Esq.
Mark L. Rowe, Esq.
Kevin B. McKie, Esq.
Christina E. Wall, Esq.
ENVIRONMENTAL LITIGATION GROUP, P.C.
3529 Seventh Avenue South
Birmingham, Alabama  35222
*Attorneys for Plaintiff*

*/s/ William A. Davis, III*
WILLIAM A. DAVIS, III