# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **JOEL THOMAS MORRISON, IV,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 2:14-CV-0406-SLB** |
| ) | |
| **DRUMMOND COMPANY, INC.,** ) | |
| **individually and as successor in interest** ) | |
| **to Alabama By-Products Corp.,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on plaintiff's Motion to Remand. (Doc. 4.)[1]  Plaintiff Joel Thomas Morrison, IV, sued defendant Drummond Company in the Circuit Court of Jefferson County alleging that defendant's operation of a coke plant injured him.  Defendant removed this action to federal court on the basis of federal question jurisdiction.  Plaintiff has moved to remand this case.  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion to Remand, (doc. 4), is due to be granted.

Plaintiff filed this case in the Circuit Court of Jefferson County, Alabama against defendant on December 19, 2013.  (Doc. 1-1 at 3.)  He alleged that defendant owned and operated coke ovens in North Birmingham and Tarrant, Alabama.  (*Id*. at 10.)  According to

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

the Complaint, these coke oven operations produced toxic chemicals, including benzene, that were released into the air. (*Id*. at 10-11.) Plaintiff worked as a mail carrier in the area surrounding the coke ovens and "was exposed to toxicologically significant levels of toxic and harmful chemicals emitted from [defendant's] facilities in North Birmingham while performing his ordinary postal duties which included walking from house to house in the City of Tarrant delivering mail." (*Id*. at 5-6.) Plaintiff was diagnosed with acute myelogenous leukemia; he contends "[e]xposure to benzene emissions and benzene containing materials has been directly linked to the diagnosis of Acute Myelogenous Leukemia . . . ." (*Id*. at 5, 11.)

The Complaint alleges Alabama common law causes of action based on negligence, negligence per se, wantonness, fraud, and conspiracy. (*Id*. at 15-21.)

Defendant removed this action from the Alabama Circuit Court on March 7, 2014. (Doc. 1.) In its Notice of Removal, defendant stated:

> 10. Plaintiffs' state common law negligence, wantonness, fraud and conspiracy claims, to the extent they arise from complaints about air quality and emissions arising from Defendant['s] coke facilities, are completely preempted by the federal Clean Air Act. *See Am. Elec. Power Co., Inc. v. Conn.*, 131 S. Ct. 2527 (2011); *N.C. ex rel. Cooper v. Tenn. Valley Auth.*, 615 F.3d 291 (4th Cir. 2010); *Comer v. Murphy Oil USA, Inc.*, 839 F. Supp. 2d 849 (S.D. Miss. 2012), *aff'd*, 718 F.3d 460 (5th Cir. 2013); *Native Vill. of Kivalina v. Exxon Mobil Corp.*, 696 F.3d 849, 856 (9th Cir. 2012); *But see Bell v. Cheswick Generating Station*, 734 F.3d 188 (3d Cir. 2013), *petition for cert. filed* (U.S. Feb. 20, 2014)(failing to apply federal preemption defense without

reference to *AEP* or *Comer*);[2] *Cerny v. Marathon Oil Corp.*, No. SA- 13-CA-562-XR, 2013 WL 5560483 (W.D. Tex. Oct. 7, 2013) (applying district court case that pre-dates *AEP* and *Comer* to reject complete preemption argument).

   11. In *AEP*, the Supreme Court held that federal common law claims for public nuisance are completely preempted by the federal Clean Air Act.  131 S. Ct. at 2537-38.  In *Comer*, which was affirmed by the Fifth Circuit in May 2013, a group of plaintiffs filed nuisance, trespass and negligence claims against several oil companies and other entities, alleging that they produced emissions that led to global warming, which caused the conditions that formed Hurricane Katrina, which damaged their property.  839 F. Supp. 2d at 853-54.  The court relied heavily on the *AEP* decision and held that "the plaintiffs' entire lawsuit is displaced by the Clean Air Act" because "the state law causes of actions asserted by the plaintiffs hinge on a determination that the defendants' emissions are unreasonable."  *Id.* at 865.

   12.  Complete preemption establishes federal question jurisdiction for purposes of authorizing removal under 28 U.S.C. § 1441(a).  *See Blab T.V. of Mobile, Inc. v. Comcast Cablevision Corp.*, 182 F.3d 851, 854 (11th Cir. 1999) ("[c]omplete preemption occurs when 'the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim.'" (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987))).

   13. As a result, Plaintiff['s] state common law negligence, wantonness, fraud and conspiracy claims, to the extent they arise from complaints about air quality and emissions arising from Defendant['s] coke facilities, arise under the federal Clean Air Act for jurisdictional purposes and are therefore removable to this Court under 28 U.S.C. § 1441(a).

(Doc. 1 ¶¶ 10, 12-13 [original footnote omitted; footnote added].)

   Federal courts are courts of limited jurisdiction.  Therefore, this court may only hear

cases that the Constitution or Congress has authorized.  A federal court has subject-matter

---

   [2]The Supreme Court denied the petition for certiorari on June 2, 2014.  *GenOn Power Midwest, L.P. v. Bell*, No. 13-1013, 2014 WL 695082 (June 2, 2014).

3

jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not ***absolutely*** clear." *See Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied* 520 U.S. 1162 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of plaintiffs, and all "uncertainties" regarding the substantive state law are resolved in favor of plaintiffs. *Crowe*, 113 F.3d at 1538 (11th Cir. 1997).

"The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009)(citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). "[T]he plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1304 (11th Cir. 2004)(quoting *Marcus v. AT&T*

*Corp.*, 138 F.3d 46, 52 (2d Cir. 1998)). Therefore, a complaint that alleges only state law claims does not create federal-question jurisdiction under the well-pleaded complaint rule. *Connecticut State Dental Ass'n*, 591 F.3d at 1343; *see also Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997)("If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court.").

Defendant removed this case on the basis that plaintiff's state law claims are completely preempted by the Clean Air Act.  (Doc. 1 ¶ 10.)  "Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim."  *Connecticut State Dental Ass'n*, 591 F.3d at 1343 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999)(quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)).  Regarding complete preemption, the Eleventh Circuit has held:

> If a federal question does not appear on the face of the complaint, then the plaintiff's claim arises under federal law only if it "falls within the special category of federal question jurisdiction created by the doctrine of complete preemption." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005).[3]  This doctrine applies where Congress has "preempt[ed] an area

---

[3]The court notes that a case maybe removed under the "arising under" language of 42 U.S.C. § 1331, "if a federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  Where all four of these requirements are met, [the Supreme Court has] held, jurisdiction is proper because there is a 'serious federal interest in claiming

of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." *Id*. (quotation omitted).

Complete preemption is "a rare doctrine," *Cmty. State Bank*, 651 F.3d at 1261 n.16, and "[t]he Supreme Court has applied [it] to only three federal statutes: § 301 of the [Labor-Management Relations Act], the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, and §§ 85 and 86 of the National Bank Act." *Atwater v. Nat'l Football League Players Ass'n*, 626 F.3d 1170, 1176 n.7 (11th Cir. 2010). Moreover, "[t]he Supreme Court has cautioned that complete preemption can be found only in statutes with 'extraordinary' preemptive force." *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1353 (11th Cir. 2003).

*Ammedie v. Sallie Mae, Inc.*, 485 F. Appx. 399, 401 (11th Cir. 2012)(footnote added).[4]

"Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). However, the Supreme Court has limited such extraordinary preemption to three instances – none of which concern any of the federal anti-pollution statutes at issue in this case.

---

the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013)(citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313-14 (2005)). Defendant has not argued that plaintiff's claims present a serious dispute of federal law and the court finds that the *Gunn* requirements have not been met.

[4]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

In enacting the Clean Air Act, Congress made a specific finding "that air pollution prevention (that is, the reduction or elimination, through any measures, of the amount of pollutants produced or created at the source) and air pollution control at its source is the primary responsibility of States and local governments." 42 U.S.C. § 7401(a)(3). Indeed, Congress included two specific savings clauses preserving state control over prevention and control of air pollution "at its source": the citizen suit savings clause[5] and the states' rights savings clause.[6] *See Bell*, 734 F.3d at 191 (citing 42 U.S.C. §§ 7604(e), 7416). "[T]he

---

[5]The citizen suit savings clause states:

Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any emission standard or limitation or to seek any other relief (including relief against the Administrator or a State agency). Nothing in this section or in any other law of the United States shall be construed to prohibit, exclude, or restrict any State, local, or interstate authority from –

(1) bringing any enforcement action or obtaining any judicial remedy or sanction in any State or local court, or

(2) bringing any administrative enforcement action or obtaining any administrative remedy or sanction in any State or local administrative agency, department or instrumentality,

against the United States, any department, agency, or instrumentality thereof, or any officer, agent, or employee thereof under State or local law respecting control and abatement of air pollution. . . .

42 U.S.C. § 7604(e).

[6]The states' right savings clause states:

Except as otherwise provided in . . . this title (preempting certain State regulation of moving sources) nothing in this chapter shall preclude or deny

existence of . . . [a] 'savings' clause which 'contemplate[s] the application of state-law and the exercise of state-court jurisdiction to some degree . . . counsels against a conclusion that the purpose behind the . . . Act was to replicate the 'unique preemptive force' of [federal statutory schemes such as] the LMRA and ERISA.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1313 (11th Cir. 2001)(quoting *BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 857-58 (11th Cir. 1999)).  All of the federal statutes cited by plaintiff in his Complaint, including the Clean Air Act,  contain savings clauses preserving state-law causes of action.  *See Cooper v. Int'l Paper Co.*, 912 F. Supp. 2d 1307, 1319-20 (S.D. Ala.

---

the right of any State or political subdivision thereof to adopt or enforce (1) any standard or limitation respecting emissions of air pollutants or (2) any requirement respecting control or abatement of air pollution; except that if an emission standard or limitation is in effect under an applicable implementation plan or under section 7411 or section 7412 of this title, such State or political subdivision may not adopt or enforce any emission standard or limitation which is less stringent than the standard or limitation under such plan or section.

42 U.S.C. § 7416.

8

2012)(quoting, *inter alia*, *Grable*, 545 U.S. at 314).[7]  Therefore, the court finds that these statutes do not completely preempt plaintiff state-law causes of action.

Defendant has cited the court to *American Electric Power Co. v. Connecticut*, 131 S. Ct. 2527 (2011), for the proposition that "Plaintiff['s] state common law negligence, wantonness, fraud and conspiracy claims, to the extent they arise from complaints about air quality and emissions arising from Defendant['s] coke facilities, are completely preempted

---

[7]The *Cooper* court held:

Finally, it is significant that several of the federal statutes cited by the plaintiffs – including CERCLA, the RCRA, the CAA, and the CWA – contain savings clauses, under which Congress has preserved parties' rights arising under state law.

These savings clauses undercut a theme expressed throughout [defendant's] opposition – an opposition solely grounded in the theory that the plaintiffs' complaint raises a substantial federal question – which is, that the plaintiffs should not be allowed to use a state court lawsuit to undermine Congress's intricate frameworks for protecting human health and the environment, which, according to [defendant], are carefully calibrated and cannot serve their intended purposes if they are applied inconsistently by state courts.

. . .

Accordingly, the presence of savings clauses in many of the cited federal statutes further supports allowing the purely state-law claims to proceed in state court.  Their inclusion by Congress, moreover, speaks to its decision regarding the balance of federal and state judicial responsibilities, which, as [the Supreme Court] teaches, is something a federal forum should not disturb.

*Cooper*, 912 F. Supp. 2d at 1319-20.

by the federal Clean Air Act." (Doc. 1 ¶ 10 [citing *inter alia American Electric Power Co. v. Connecticut*, 131 S. Ct. 2527 (2011)].)[8]  In this case, the Supreme Court held that ***federal*** common law was preempted by the Clean Air Act.  It specifically reserved the issue of state common law for the court on remand.  *American Electric*, 131 S. Ct. at 2540 ("The plaintiffs also sought relief under state law, in particular, the law of each State where the defendants operate power plants.  The Second Circuit did not reach the state law claims because it held that federal common law governed.  In light of our holding that the Clean Air Act displaces federal common law, the availability vel non of a state lawsuit depends, inter alia, on the preemptive effect of the federal Act.  None of the parties have briefed preemption or otherwise addressed the availability of a claim under state nuisance law.  We therefore leave the matter open for consideration on remand.")(internal citations omitted).  The court finds that, contrary to defendant's assertion, this case does not support a finding that the Clean Air Act has completely preempted plaintiff's state common law causes of action.

For the foregoing reasons the court finds that plaintiff's common law causes of action are not completely preempted by the Clean Air Act and, therefore, this court does not have federal question jurisdiction.

---

[8]Defendant cites a number of cases from other jurisdictions regarding the complete preemption question.  These cases are not binding on this court.

## <u>CONCLUSION</u>

Based on the foregoing, the court finds that it lacks subject-matter jurisdiction based on federal-question jurisdiction.  An Order granting plaintiff's Motion to Remand, (doc. 4), and remanding this action to the Circuit Court of Jefferson County, Alabama, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 23rd day of March, 2015.


*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

11